**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| STEVEN WOOD, | : | Case No. 1:20-cv-231 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| JAMES M. BRONZIE, *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT (Doc. 8)**

This case is before the Court on the motion of Plaintiff Steven Wood for a default judgment. (Doc. 8). Defendant did not respond.

## I. BACKGROUND

Plaintiff Steven Wood brings this action for declaratory judgment, breach of contract, and unjust enrichment. Plaintiff seeks compensatory damages in the sum certain amount of $152,500.00.

Plaintiff filed the Complaint on March 24, 2020. (Doc. 1). Defendants were served with a copy of the summons and Complaint on April 15, 2020. (Docs. 4, 5). Pursuant to Federal Rule of Civil Procedure 12(a), Defendants were required to file and serve an answer no later than May 6, 2020. To date, no responsive pleading has been filed or served. On May 5, 2020, the Clerk properly entered a default. Subsequently, Plaintiff filed the instant motion for default judgment. (Doc. 8).

## II. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-298, 2010 U.S. Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319. 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enter.*, No. 2:07-cv-990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

## III. ANALYSIS

Defendants having defaulted, the factual allegations in the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Defendants' failure to respond to the Complaint, application for entry of default, or motion for default judgment has made it clear Defendants have no intention of defending this action. Upon review of the record, the undersigned finds that

default judgment is warranted in this case. With liability established, the Court must determine the extent of damages.

To ascertain a sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12cv962, 2012 U.S. Dist. LEXIS 116166, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. 2:06-cv-487, 2007 U.S. Dist. LEXIS 3118, at *2 (S.D. Ohio Jan. 16, 2007).

Here, Plaintiff seeks the sum certain of $152,500.00. As the amount claimed is supported by the Complaint, the Purchase and Home Construction Agreement (Doc. 1-1), and the Declarations of Andrew A. Spievack (Doc. 6-1) and Steven Wood (Doc. 8-1), and is capable of ascertainment from definite figures contained in the documentary evidence, a hearing on damages is not required. Accordingly, the Court finds that Plaintiff is entitled to the sum certain of $152,500.00.

### IV. CONCLUSION

For these reasons, Plaintiff's motion for default judgment (Doc. 8) is **GRANTED**. Accordingly:

1. Plaintiff's motion for default judgment (Doc. 8) is **GRANTED**;
2. Plaintiff is awarded judgment against Defendants James M. Bronzie and Bronzie Design & Build, LLC in the amount of $152,500.00; and

3. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date: 7/16/2020                                                        *s/ Timothy S. Black*
                                                                       Timothy S. Black
                                                                       United States District Judge